IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEBORAH CASTILLEJA,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:22-CV-1898-N-BH |
| ) | |
| **CITY OF DALLAS, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On August 26, 2022, the *pro se* plaintiff filed a civil cover sheet and copies of 3 pages from what appears to be a Texas Workforce Commission on Civil Rights Division handbook. (*See* doc. 3.)  By *Notice of Deficiency and Order* dated August 31, 2022, she was notified that if she intended to file a civil lawsuit, her filing did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that [she was] entitled to relief", and she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) She was ordered to file an amended complaint that complied with Rule 8(a) and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen days, and she was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order was a complaint form and an IFP application. (*See id.*)

On September 8, 2022, the plaintiff filed an amended complaint consisting of four sentences

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

with two one-page attachments, but she did not either pay the filing fee or file a completed IFP application. (*See* doc. 5.) On September 13, 2022, she filed a one and one-half page memorandum with a one-page attachment that provided slightly more details about her claims, but she did not either pay the filing fee or file a completed IFP application. (*See* docs. 5-6.)  By *Second Notice of Deficiency and Order* dated September 14, 2022, she was again ordered to file an amended complaint that complied with Rule 8(a) and either pay the filing fee or submit a fully completed and signed IFP application within fourteen days. (*See* doc. 7.) The order again specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Another complaint form and IFP application were attached to the order. (*See id.*)

More than fourteen days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint and either paid the filing fee or submitted a fully completed IFP application, and she has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with two orders to file an amended complaint that complied with Rule 8(a) and either pay the filing fee or submit a fully completed IFP application despite warnings that failure to do so could result in dismissal of the case.  She has not filed anything else in the case since

2

September 13, 2022.  Because the plaintiff failed to follow court orders or otherwise show that she intends to proceed with this case, it should be dismissed.

### III.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless she files an amended complaint and either pays the filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 21st day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3